[Cite as *Hangzhou Lijing Lighting Co. v. Megalight, Inc.*, 2016-Ohio-1522.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| HANGZHOU LIJING LIGHTING CO. | C.A. No. 27705 |
| Appellee/Cross-Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| MEGALIGHT, INC., et al. | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellants/Cross-Appellees | CASE No. CV 2013-08-3988 |

DECISION AND JOURNAL ENTRY

Dated: April 13, 2016

MOORE, Judge.

{¶1} Defendants-Appellants-Cross-Appellees Megalight, Inc. and Dillon Jiang (collectively "Appellants") appeal from the judgment of the Summit County Court of Common Pleas granting partial summary judgment in favor of Plaintiff-Appellee-Cross-Appellant Hangzhou Lijing Lighting Co. ("Hangzhou Lijing"). Hangzhou Lijing has filed a cross-appeal pertaining to the trial court's denial of its motion for pre-judgment interest. We reverse the portion of the trial court's judgment granting summary judgment to Hangzhou Lijing on counts two and three of the complaint, thereby rendering the cross-appeal moot.

I.

{¶2} Mr. Jiang is the president of Megalight, Inc., which is an Ohio-based corporation. In November 2009, Megalight, Inc. ordered $270,000 worth of light bulbs from Hangzhou Lijing, an entity based in China. Hangzhou Lijing delivered the goods to Megalight, Inc., and

Megalight, Inc. accepted the goods without objection. Hangzhou Lijing received $80,000 in payments from Megalight, Inc., but, according to Hangzhou Lijing, $190,000 remained unpaid.

{¶3} In June 2010, Megalight, Inc. and Hangzhou Lijing entered into a "Payment Agreement" in which Megalight, Inc. acknowledged that it was indebted to Hangzhou Lijing for $190,000. The parties agreed that, before June 10, 2010, Mr. Jiang would transfer his Mercedes Benz car to Hangzhou Lijing to offset the debt along with $45,000. If Mr. Jiang failed to make the payments, interest would accrue. Mr. Jiang also agreed to personally guarantee the payment. Hangzhou Lijing maintained that Appellants did not comply with the terms of the repayment agreement.

{¶4} In August 2013, Hangzhou Lijing filed a four-count complaint against Appellants. Count one alleged a breach of the original purchase order. Counts two and three related to Appellants' alleged failure to pay under the June 2010 Payment Agreement, and count four asserted a claim for unjust enrichment. Appellants answered, admitting that Megalight, Inc. ordered goods from Hangzhou Lijing and accepted the goods without objecting to them or rejecting them, but denied breaching any of the agreements.

{¶5} Thereafter, Hangzhou Lijing filed a motion for summary judgment. Appellants opposed the motion asserting that Megalight, Inc. had fully paid for the light bulbs. Appellants argued that some of Megalight, Inc.'s payments to Hangzhou Lijing were channeled through a third-party entity, Yangzhou Meifeng Lighting Science and Technology Co., Ltd. ("Meifeng"). Meifeng was a Chinese-based entity, owned in part by Mr. Jiang. Mr. Jiang averred that Megalight, Inc. made wire transfers to Meifeng, and Meifeng in turn wired money to Hangzhou Lijing. Mr. Jiang indicated that paying Hangzhou Lijing in this manner allowed him to receive tax credits.

{¶6} Hangzhou Lijing argued in reply that Megalight, Inc. was not entitled to credit for Meifeng's payments as Hangzhou Lijing properly applied those payments to a separate debt owed by Meifeng. Hangzhou Lijing further argued that Appellants failed to argue or demonstrate that they complied with the Payment Agreement and, thus, Hangzhou Lijing was entitled to summary judgment on those claims.

{¶7} The trial court concluded that genuine issues of material fact remained with respect to count one, but found that Hangzhou Lijing was entitled to summary judgment on counts two and three. The trial court granted judgment in favor of Hangzhou Lijing in the amount of $190,000 against Megalight, Inc. and concluded that Hangzhou Lijing was entitled to a judgment against Mr. Jiang for his personal guarantee of $45,000 of Megalight, Inc.'s $190,000 indebtedness.

{¶8} Appellants moved for reconsideration and Hangzhou Lijing moved for the inclusion of Civ.R. 54(B) language and for pre- and post-judgment interest. Both motions were denied. Subsequently, the parties entered into an agreed judgment entry which resulted in the dismissal of counts one and four without prejudice.

{¶9} Appellants have appealed, raising two assignments of error for our review, which we will address out of sequence to facilitate our review. Hangzhou Lijing has cross-appealed, raising a single assignment of error for our review.

II.

## APPELLANTS' ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT IN FAVOR OF HANGZHOU [LIJING] ON GROUNDS WHICH HANGZHOU [LIJING] DID NOT MOVE FOR OR ASSERT IN ITS MOTION FOR SUMMARY JUDGMENT, AND WHICH WAS NOT ARGUED BY THE PARTIES.

{¶10} Appellants argue in their second assignment of error that the trial court erred in granting summary judgment on grounds that Hangzhou Lijing did not argue in its motion for summary judgment.

{¶11} In reviewing a trial court's ruling on a motion for summary judgment, this Court applies the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. *Viock v. Stowe-Woodward Co.,* 13 Ohio App.3d 7, 12 (6th Dist.1983). Pursuant to Civ.R. 56(C), summary judgment is proper if:

> (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). The moving party bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-93 (1996). Once this burden is satisfied, the non-moving party bears the burden of offering specific facts to show a genuine issue for trial. *Id*. at 293; Civ.R. 56(E).

{¶12} However, "[a] trial court has no authority to sua sponte grant summary judgment upon grounds which were not first addressed in a valid motion submitted by the prevailing party.'" *Bindra v. Fuenning,* 9th Dist. Summit No. 26489, 2013-Ohio-5722, ¶ 24, quoting *Miller v. Pennitech Indus. Tools, Inc.*, 9th Dist. Medina No. 2356-M, 1995 WL 230894, *6 (Apr. 19, 1995), quoting *Salter v. Marco*, 9th Dist. Lorain No. 91CA005182, 1992 WL 112565, *2 (May 20, 1992). "Nor does a court have the authority to grant summary judgment in the absence of

motion or argument on a particular claim." *Bindra* at ¶ 24, quoting *Miller* at *6; *see also Clucas v. Rt. 80 Express, Inc.,* 9th Dist. Summit No. 27433, 2015-Ohio-2838, ¶ 10.

{¶13} Appellants argue that Hangzhou Lijing only moved for summary judgment on count one, its claim related to the original purchase order. Nonetheless, the trial court granted Hangzhou Lijing summary judgment on counts two and three, which flowed from the Payment Agreement. Hangzhou Lijing disputes this and maintains that it did seek summary judgment on counts two and three. In so doing, it largely points to language in its statement of facts in the memorandum in support of its motion for summary judgment and its reply brief in support of its motion for summary judgment.

{¶14} It is true that the motion itself indicates that Hangzhou Lijing was moving for summary judgment on its "claims" against the Appellants and that its statement of facts includes facts related to the Payment Agreement. Further, attachments to the motion include evidentiary documents related to the Payment Agreement. Nonetheless, Hangzhou Lijing's argument section focuses almost exclusively on the original purchase agreement and its breach.

{¶15} The entirety of Hangzhou Lijing's argument provides as follows:

Hangzhou Lijing is entitled to summary judgment. In its Answer, [Megalight, Inc.] admitted that it ordered energy saving lights from Hangzhou [Lijing] for the sum of $270,000.00 Megalight[, Inc.] also admitted in its Answer that Hangzhou [Lijing] performed its contractual obligations by delivering all the energy saving lights to [Megalight, Inc.] and that [Megalight, Inc.] accepted those goods without objection, and failing to reject any of the goods, Megalight[, Inc.] acknowledged Hangzhou [Lijing's] performance. Further, Megalight[, Inc.] failed to pay the agreed purchase price of $270,000. [Hangzhou Lijing] has only received $80,000 in payments from Megalight[, Inc.] for the light bulbs that Megalight[, Inc.] purchased from Hangzhou [Lijing]. [Mr.] Jiang failed to perform his personal[] guarantee by also failing to forward payment.

Hangzhou [Lijing] is entitled to summary judgment against [Appellants] in the amount of One Hundred Ninety Thousand Dollars ($190,000.00) plus interest at the statutory rate from February 26, 2010.

(Internal citations omitted.)

{¶16} First, we note that the admissions from Appellants' answer on which Hangzhou Lijing relies in support of its argument all are admissions concerning count one. Further, in its argument Hangzhou Lijing fails to mention any of the terms from the Payment Agreement (i.e. the car or the $45,000) or discuss how the terms were violated. Finally, the date that Hangzhou Lijing cites as the date from which it is entitled to interest, is a date prior to the formation of the Payment Agreement. While Hangzhou Lijing did mention in its argument section that Mr. Jiang failed to perform under the personal guarantee, it made no argument explaining how the Payment Agreement was breached, nor did it even point to the Payment Agreement which contained the personal guarantee.

{¶17} In its reply brief, Hangzhou Lijing nonetheless seemed to contend that it was entitled to summary judgment on counts two and three on the basis that Appellants "utterly failed to contest that they entered into and breached the Payment Agreement * * *." However, as discussed above, Hangzhou Lijing did not argue in its brief in support of its motion for summary judgment that it was entitled to summary judgment on those counts. Thus, Hangzhou Lijing's argument in its reply brief is without merit. Appellants had no duty to respond in opposition to those claims when the initial motion and brief did not seek summary judgment on those claims. *See Dresher,* 75 Ohio St.3d at 292-93.

{¶18} Given the foregoing, we conclude the trial court erred in awarding Hangzhou Lijing summary judgment on counts two and three as Hangzhou Lijing did not seek summary judgment on those claims in its motion for summary judgment. *See Bindra,* 2013-Ohio-5722, at ¶ 25.

{¶19} Appellants' second assignment of error is sustained.

## APPELLANTS' ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT AGAINST MEGALIGHT[, INC.] AND [MR.] JIANG WHEN HANGZHOU [LIJING] DID NOT PROVE BREACH OF AN ENFORCEABLE CONTRACT UNDER THE REPAYMENT AGREEMENT.

{¶20} Appellants assert in their first assignment of error that the trial court erred in granting summary judgment to Hangzhou Lijing because Hangzhou Lijing failed to prove breach of an enforceable contract under the repayment agreement. In light of our resolution of Appellants' second assignment of error, this assignment of error has been rendered moot and we decline to address it. *See* App.R. 12(A)(1)(c).

## HANGZHOU LIJING'S ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN DENYING [HANGZHOU LIJING'S] MOTION FOR PREJUDGMENT INTEREST.

{¶21} Hangzhou Lijing asserts in its assignment of error that the trial court erred in failing to grant its motion for prejudgment interest. Because our resolution of Megalight, Inc.'s appeal renders the cross-appeal moot, we decline to address it.

III.

{¶22} Appellants' second assignment of error is sustained. The remaining assignment of error and cross-appeal have been rendered moot. The judgment of the Summit County Court of Common Pleas is reversed and this matter is remanded for proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee/Cross-Appellant.

_____
CARLA MOORE
FOR THE COURT

WHITMORE, P. J.
CELEBREZZE, J.
CONCUR.

(Celebrezze, J., of the Eighth District Court of Appeals, sitting by assignment.)

APPEARANCES:

ALAN M. MEDVICK and CHRISTOPHER J. NIEKAMP, Attorneys at Law, for Appellants/Cross-Appellees.

RODD A. SANDERS, Attorney at Law, for Appellee/Cross-Appellant..